IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JERRY QUINN DAVIS,
    Plaintiff,

vs.                      Case No.:  3:07cv166/RS/EMT

UNITED STATES OF AMERICA,
    Defendant.
_____/

### ORDER, REPORT AND RECOMMENDATION

    Plaintiff, proceeding pro se, commenced this action by filing a civil rights complaint and a motion to proceed in forma pauperis (Docs. 1, 7).  For the limited purpose of dismissal of this action, leave to proceed in forma pauperis shall be granted.

    Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C.A. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id*. at 327, 109 S. Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).  Within the former are those cases in which it is either readily apparent that a complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit; within the latter are those cases describing scenarios clearly removed from reality.  Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990) (citing Neitzke, 490 U.S. at 327).

In this case, the United States of America is named as a Defendant on the first page of the complaint (Doc. 1 at 1). On page two, Plaintiff identifies additional Defendants including religious and corporate "ideologies concerning sexual use of bond servants and hostages" (*id.* at 2). In the statement of facts portion of his complaint, Plaintiff states that it is illegal to have sexual relations with anyone under fourteen years of age and "that would include kinetic supernatural rape" (*id.* at 3). Plaintiff alleges that he was a victim of "kinetic supernatural rape" and requests that his "record be cleared of any sexual misconduct" (*id.*). Plaintiff also demands full restoration of his constitutional rights, although Plaintiff does not say which rights have been taken away from him (*see id.*). Plaintiff also states that if "you have hostages and or [sic] bond servants you kill them you get arrested [sic] if you do you have to be taken away from civil society" (*id.*). Finally, Plaintiff states that it is your "responsibility [to] care for them and develop livelihoods and manners of service [sic] to manage and teach" (*id.*). Plaintiff did not complete the "statement of claims" and "relief requested" sections of the complaint form (*id.* at 4).

The allegations set forth in the instant complaint appear to fall into the category of cases describing scenarios clearly removed from reality. <u>Sultenfuss</u>, 894 F.2d at 1278 (citing <u>Neitzke</u>, 490 U.S. at 327). In <u>Neitzke</u>, the Supreme Court recognized the ability of the court to dismiss a case as frivolous where the claims describe fantastic or delusional scenarios. 490 U.S. at 327. Although the initial assessment of Plaintiff's factual allegations must be "weighted in favor of the plaintiff," the court is not required to accept allegations as having an arguable factual basis simply because they cannot be rebutted by judicially noticeable facts. <u>Denton</u>, 504 U.S. at 31. In other words, the frivolity determination cannot serve as a factfinding process for the resolution of disputed facts. *Id.* A finding of frivolousness is appropriate, however, where the factual allegations are irrational or wholly incredible. *Id.* With this standard in mind, Plaintiff's complaint should be dismissed as frivolous because the claims set forth fantastic scenarios.

Accordingly, it is **ORDERED**:

Plaintiff's motion to for leave to proceed in forma paupers is **GRANTED** (Doc. 7).

And it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B) and the clerk be directed to close the file.

At Pensacola, Florida, this 21st day of June 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**